UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN D. AUGER, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>KATHLEEN M. DENNEHY, )<br>Commissioner of Corrections, )<br>      Defendant. ) | C.A. No. 05-10280-GAO |

MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons stated below, this action is dismissed in its entirety.

BACKGROUND

On February 3, 2005, Plaintiff filed a *pro se* Complaint alleging a multitude of violations by Commissioner Kathleen Dennehy and others. On March 24, 2005, this Court issued a Memorandum and Order (#4) directing Plaintiff to show cause why his action should not be dismissed for the reasons stated therein, including failure to exhaust administrative remedies, Fed. R. Civ. P. 8(a) pleading deficiencies, lack of jurisdiction over matters pending or concluded in the state courts of Massachusetts, and failure to state a § 1983 claim upon which relief may be granted.

On April 15, 2005, Plaintiff filed response to the Memorandum and Order, in excess of 100 handwritten pages.[1]

---

[1] The response is rambling and not entirely coherent, but from what can be gleaned, it appears the response reiterates the claims in his Complaint, and asserts additional allegations. His claims include, *inter alia*, 1) cruel and unusual treatment as a result of a retaliatory transfer to MCI Cedar Junction; 2) cruel and unusual treatment at Souza Baronowski Correction Center at Shirley; 3) various due process violations with respect to sentencing, Good Conduct Time calculations, and violations of the Massachusetts state constitution; 4) illegal seizing of court

On September 19, 2005, Plaintiff notified this Court of his change of address. It now appears he has been released from the custody of the Department of Corrections.

DISCUSSION

This Court finds the Plaintiff's show cause response to be insufficient to permit his Complaint to proceed at this juncture. He has not adequately addressed the deficiencies set forth in the March 24, 2005 Memorandum and Order; rather, he has used the show cause response as an opportunity to reassert his disputes concerning the conditions of confinement at Souza Baranowski Correctional Center, and MCI Cedar Junction. For instance, he has not provided sufficient information with respect to his attempts to exhaust administrative remedies within the prison, nor has he sufficiently demonstrated that the issues he raises in this action are separate and distinct from those issues raised and considered in the state court, as required by the March 24, 2005 Memorandum and Order. He has also failed to provide information to this Court regarding any pending, or any dismissed, civil action(s) in any state court.

Moreover, as previously noted, Plaintiff asserted various bad acts by unknown and unnamed prison guards, medical or other prison personnel, and merely asserted that Defendant Dennehy was aware of this situation. The Plaintiff was Ordered to show cause why this action

---

documents sent through the United States Postal Service; 5) denial of vegetarian meals (necessary for religious purposes); 6) various violations pertaining to necessary hygiene; 7) denial of proper medical care, including care given by the mental health departments; 8) the existence of a general conspiracy between the Commissioner and prison guards to torture him, in retaliation for asserting legal claims and/or as a witness to various other prison officials' misconduct; 9) destruction of personal property by prison guards; 10) exposure to environmental hazards; 11) various misconduct of guards, including personal threats; 12) deliberate indifference and personal liability of the Commissioner and former Commissioner; 13) failure to protect Plaintiff from dangerous inmates; and 14) knowingly conspiring to assault and murder him.

should not be dismissed for failure to provide any factual information to support his contentions, and for failure to provide the necessary information required under Rule 8(a) of the Federal Rules of Civil Procedure, including specific places, dates, or times, when the alleged incidents occurred or when or how any defendant became aware of them.

Finally, the Plaintiff was directed to show cause why his assertions of torture, attempted murder, starvation, food poisoning, corruption by officials, which he alleged occurred in each prison facility to which he was transferred, should not be dismissed as unsupported by any credible factual statements, and as frivolous inflammatory recitations. The show cause response fails to address sufficiently these matters.

Simply stated, the Court finds the Plaintiff's show cause response to be insufficient to permit Plaintiff's action to proceed as pled.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED that all of Plaintiff's claims contained in the Complaint are Dismissed.


SO ORDERED.

                                             /s/ George A. O'Toole, Jr.
                                             GEORGE A. O'TOOLE, JR.
                                             UNITED STATES DISTRICT JUDGE

DATED: January 5, 2006